ERVIN, Judge.
This is a petition for review filed by Arnold from an order of the State Board of Education suspending her teaching certificate for a period of three years. On October 10, 1974, an affidavit was filed by Michael Halperin, principal of North Shore Elementary School, Jacksonville, Florida, alleging, inter alia, that Arnold used profanity in the presence of school children, that she struck children with a paddle without his knowledge or permission and that she had degraded children in the presence of the entire class. Based upon the allegations contained in the affidavit, on October 22, 1974, the State Commissioner of Education found probable cause existed to believe that Arnold was guilty of acts justifying revocation of her Florida teaching certificate pursuant to Section 231.28, Florida Statutes (1973). He thereupon directed the Professional Practices Council to file a petition seeking revocation of Arnold’s certificate. The petition was then filed before the State Board of Education.
Following hearing, the P.P.C. recommended to the Department of Education that the teaching certificate of Arnold be suspended for a three year period from the date of the Board’s action. On May 4,1976, the State Board of Education, having reviewed the findings and recommendations of the P.P.C., suspended Arnold’s teaching certificate for a period of three years beginning October 22, 1974, the date that the Commissioner of Education found probable cause to believe Arnold guilty of certain acts justifying revocation of her teaching certificate.
Arnold has assigned several errors from the Board’s order of suspension, none of which warrant reversal. We hold that the findings of the Department were based upon competent substantial evidence and should be affirmed. We do think that Arnold’s contention that the Department’s order was erroneous since it suspended her teaching certificate retroactively merits consideration since we have found no Florida cases directly related to the point before us.
Section 231.28 provides in part:
“231.28 Suspension or revocation of certificates. — The department of education shall have the authority to suspend the teaching certificate of any person for a period of time not to exceed 3 years, thereby denying him the right to teach for that period of time, after which the holder may return to teaching as provided in subsection (6); . . .
The statute confers no specific authority to the Board allowing it to suspend retrospectively, prior to the date of its order, a teacher’s certificate. Perhaps the leading case on the question whether an administrative agency may enter its orders retroactively is Securities and Exchange Com. v. Chenery Corp., 332 U.S. 194, 203, 67 S.Ct. 1575, 1581, 91 L.Ed. 1995 (1947), which states:
“Every case of first impression has a retroactive effect, whether the new principle is announced by a court or by an administrative agency. But such retroac-tivity must be balanced against the mischief of producing a result which is contrary to a statutory design or to legal and equitable principles. If that mischief is greater than the ill effect of the retroactive application of a new standard, it is not the type of retroactivity which is condemned by law.”
In Berger, Retroactive Administrative Decisions, 115 U. of Pa.L.Rev. 371 (1967), at 392, it is stated:
*910 “In sum, the cases demonstrate that an agency does not enjoy untrammeled discretion to make retroactive decisions, and that this discretion, like all discretion, must not be exercised in arbitrary fashion. Arbitrary action or abuse of discretion — the terms are used interchangeably — describes the unreasonable, oppressive use of delegated power. The inquiry, it has been said in the labor relations area, is whether the ‘situation and circumstances clearly show an abuse of discretion, that is arbitrary action not justifiable in view of such situation and circumstances.’ ” (Footnotes omitted.)
Thus, if the retroactive effect is “so oppressive and [works] hardship out of all proportion to the public ends to be achieved, . to allow such retroactive effect may be arbitrary and capricious.” 2 Am.Jur.2d Administrative Law section 477 (1962).
When we apply the above tests to the order retroactively suspending Arnold’s teaching certificate, we cannot state it was either an abuse of discretion or arbitrary and capricious.
The order of suspension is affirmed.
McCORD, Acting C. J., and SMITH, J., concur.