## BENNETT v. DUVAL COUNTY SCHOOL BOARD
### No. 78-10166-CA
Circuit Court, Duval County
October 8, 1979

William F. Kachergus, Jacksonville, for the petitioner

David C. Carter, Jacksonville, for the respondent

JOHN S. COX, Circuit Judge

Petitioner seeks review by this Court, via Petition For Writ of Certiorari, of her dismissal from employment by the Respondent for professional incompetence.

The briefs of the parties and the record presented for review were examined by the Court and oral arguments were heard on June 14, 1979. Thereafter, being in doubt as to this Court's subject matter jurisdiction in view of the provisions of Chapter 120, Florida Statutes, effective January 1, 1975 and in view of *State of Florida ex rel. Department of General Services v. Willis,* 344 So.2nd 580 (Fla. DCA 1st-1977) and other cases involving appellate jurisdiction to review orders or actions of administrative boards, this Court requested additional briefs and oral argument restricted to the question of this Court's subject matter jurisdiction. Such briefs were submitted and oral arguments on the jurisdictional question were heard on July 9, 1979.

Subject matter jurisdiction is accepted solely on the basis of *Seitz v. Duval County School Board,* 346 So.2d 644 (Fla. DCA 1st-1977) and *Alford v. Duval County School Board,* 324 So.2d 174 (Fla. DCA 1st-1975), both of such cases apparently holding that despite the provisions of Chapter 120, Florida Statutes, effective January 1, 1975, the Circuit Court of Duval County, Florida has jurisdiction to review the Duval County School Board's orders by petition for certiorari under the Duval County Teachers' Tenure Act, Chapter 21197, Laws of Florida (1941), as amended.

Upon motion of the Respondent this Court temporarily relinquished jurisdiction for 45 days to allow Respondent to enter an Amended Order as to the proceedings involving the discharge of the Petitioner. Pursuant thereto the Respondent School Board met on January 15, 1979 at which time Respondent adopted and entered an Amended Order of Dismissal in which the findings of fact which had been made by the Hearing Officer, Douglas D. Brown, were incorporated.

The original order had been entered on August 21, 1978 and recites that:

"The findings dated July 28, 1978 of the Hearing Officer, Douglas D. Brown, are hereby approved and the services of Johnnie Mae Bennett as a teacher in the Duval County School System shall be terminated effective August 21, 1978."

The Amended Order of Dismissal adopted and entered on January 15, 1979, after reciting all the findings of the Hearing Officer, concludes that the charge of professional incompetency and all the specifications thereunder have been sustained by the evidence, finds that the Petitioner is and has been professionally incompetent, finds that the Petitioner had been afforded the opportunity of one year of specific in-service training to correct her alleged deficiencies as required by the Duval County Teacher Tenure Act, and orders as follows:

"**that the services of Johnnie Mae Bennett as a teacher in the Duval County School System shall be terminated effective August 21, 1978: It is further ordered that all the above findings, conclusions and provisions of this Amended Order be effective nunc pro tunc to and as of August 21, 1978.

"DONE AND ORDERED as of the 21st day of August, 1978."

Petitioner first contends that both the preliminary notice served on her by certified mail on June 10, 1977 charging professional incompetence

and giving her an opportunity to request transfer to a new teaching position and avail herself of the opportunity for a one-year in-service training program and the final notice served upon her on June 23, 1978 by certified mail charging her with professional incompetence and advising her of the date, time and place of a hearing on those charges are insufficient since the charges and specifications contained in both of those notices are so vague and indefinite as to not apprise Petitioner of the specific grounds upon which she was sought to be discharged.

This contention is rejected. This Court finds that the preliminary notice to Petitioner dated June 10, 1977 adequately advised Petitioner of the deficiencies which she should strive to correct in the one-year in-service training period offered to her. This Court further finds that Specifications I and II of the charge of professional incompetency served upon Petitioner on June 23, 1978 are sufficient, as has been determined in *Chester v. Duval County School Board,* 362 So.2d 1058 (Fla. DCA 1st-1978) and that Specifications III and IV to said charge of professional incompetency are sufficiently specific as to adequately apprise Petitioner of the areas of deficiency complained of.

The Petitioner next contends that the Respondent failed to afford Petitioner the one-year of specific in-service training as required by the Duval County Teachers' Tenure Act. This contention is also rejected since the record clearly shows sufficient competent and substantial evidence to sustain the finding of the Respondent and of the Hearing Officer that the Petitioner had been afforded the opportunity of specific in-service training for a one-year period to remedy the deficiencies of which she had been apprised.

The Court further finds that there is adequate competent and substantial evidence in the record to warrant the Respondent's action in dismissing Petitioner for professional incompetence.

The Petitioner next contends that she was not afforded due process of law at the meeting on January 15, 1979 when Respondent adopted and entered its Amended Order of Dismissal. Petitioner was not entitled, either in person or through counsel, to present evidence at that meeting or to present legal arguments or exceptions to the Hearing Officer's findings of July 20, 1978. Such opportunity had already been afforded to Petitioner. She was represented by counsel at the hearing on July 20, 1978 and at that time was given an opportunity to present evidence in her own behalf, which she did through the testimony of herself and several other witnesses. Her counsel also presented specific written exceptions to the report of the Hearing Officer prior to the entry by the Respondent of its original orders of dismissal on August 21, 1978.

Jurisdiction was relinquished by this Court to the Respondent solely for the purpose of entering such Amended Order as the Respondent deemed advisable; not for the purpose of taking further testimony or entertaining further legal arguments. Petitioner was not denied due process of law by the Respondent's refusal on January 15, 1979 to entertain further legal arguments or presentation on behalf of Petitioner.

The Court further finds that the action of the Respondent in making its Amended Order of Dismissal nunc pro tunc to the date of its original order (August 21, 1978) was proper and entirely consistent with the purpose for which the matter had been returned to the Respondent by this Court. See *Arnold v. State Board of Education,* 344 So.2d 908 (Fla. DCA 1st-1977). Also see *City of Jacksonville v. Arnold,* 343 So.2d 962 (Fla. DCA 1st-1977), as amplified in the record and unpublished per curiam opinion dated November 21, 1977 filed in *Duval County School Board v. Arnold,* 361 So.2d 427 (DCA 1st-1977).

The Respondent's Amended Order of Dismissal, which was entered on January 15, 1979 nunc pro tunc to August 21, 1978 is hereby affirmed and the Petition For Certiorari in this case is hereby denied. No petition for rehearing of this decision will be entertained and the Clerk is hereby directed to close this file.