667 So.2d 369 (1995)
STATE, DEPARTMENT OF ENVIRONMENTAL PROTECTION, and Packaging Corporation of America, Petitioners,
v.
DEPARTMENT OF MANAGEMENT SERVICES, DIVISION OF ADMINISTRATIVE HEARINGS, et al., Respondents.
No. 95-2825.
District Court of Appeal of Florida, First District.
November 29, 1995.
Kenneth J. Plante, General Counsel, and J. Terrell Williams, Assistant General Counsel, Tallahassee, for Petitioner Department of Environmental Protection.
Robert L. Rhodes, Jr. and Susan L. Stephens, of Holland & Knight, Tallahassee, for petitioner Packaging Corporation.
David G. Guest, Tallahassee, for respondents Sierra Club, Four Rivers Audubon, Florida Canoeing and Kayaking Association, and Florida Wildlife Federation, Inc.
PER CURIAM.
The Florida Department of Environmental Protection (Department) petitions for review of a non-final order entered by a hearing officer of the Division of Administrative Hearings. The order is an Order Declining Remand. We grant the petition for review and remand with directions that the hearing officer make further findings as set forth in the Order of Remand.
Packaging Corporation of America (PCA) owns a paper and pulp mill in Lowndes County, Georgia. PCA uses large volumes of water and wastewater from the process is discharged. The wastewater (which includes sewage from toilets at the mill) receives primary treatment in a clarifier tank, and then moves through a series of ponds. The wastewater enters Jumping Gully Creek, which flows across the state line to the Withlacoochee River. In 1991, the 0.6 mile reach of *370 the creek from the state line to the river was classified under Florida law as a Class III water. The mill wastewater in the creek did not comply with the newly-applicable water quality standards.
PCA sought a permit to construct and operate a pipeline running parallel to the creek to convey wastewater from the mill to the existing discharge point in the river. The purpose of the pipeline was to allow the creek to achieve compliance with Class III water quality standards. PCA also sought a 27-month variance from the water quality standard for transparency in the river to allow time to install water color treatment technology. The Department issued a notice of intent to grant the permit and variance. Challengers of the permit petitioned for a formal hearing, which was conducted before a hearing officer from the Division of Administrative Hearings.
After the Department and PCA had filed a proposed recommended order, the challengers filed a Request for Official Recognition. The challengers asked the hearing officer to take official recognition of Rule 62-600.200(33), which defines "geometric mean," and of a calculation of the average fecal coliform count by computing the geometric mean of fecal coliform measurements contained in Exhibit 27B. The hearing officer issued an Order Granting Motion for Official Recognition, which stated "The motion of Petitioners to take official recognition of Rule 62-600.200(33) is granted."
The hearing officer issued a recommended order which recommended that the permit for the proposed pipeline be denied because the data establishes the concentration of fecal coliform in the proposed wastewater discharge is in excess of the monthly average limitation contained in Rule 62-302.530(6), Florida Administrative Code. The hearing officer noted that using data from quarterly monitoring reports, the geometric mean for fecal coliform pursuant to Rule 62-600.200(33), Florida Administrative Code, exceeds the 200 per 100 ml. limitation contained in the Rule.
In an Order of Remand, the Department noted that the hearing officer's findings were either based on the challengers' Exhibit 27B or on evidence submitted post-hearing over the objection of PCA and the Department. We agree with the Department that Exhibit 27B appears to be hearsay, and that PCA and the Department have not waived the right to argue that hearsay is insufficient alone to support the finding of fact. Harris v. Game and Fresh Water Fish Comm'n, 495 So.2d 806 (Fla. 1st DCA 1986). Because the issue did not arise during the hearing, the hearing officer did not take evidence or rule on whether the data in the exhibit would be admissible. If the hearing officer's findings regarding fecal coliform violations were based solely on Exhibit 27B, further findings appear necessary regarding whether the exhibit was hearsay and, if so, whether it would be admissible over objection in a civil action.
We also agree with the Department that on remand, the hearing officer should clarify whether his order granted or denied that portion of the challengers' request for official recognition setting forth the calculation and, if granted, specify grounds for rejecting the Department's and PCA's opposition to taking official recognition.[1] If the findings were based on the post-hearing submission of the challengers, the hearing officer has not made necessary findings regarding admissibility of the additional evidence.
Because the hearing officer did not rule on admissibility of the calculation submitted post-hearing and additional evidence is necessary to rule on whether Exhibit 27B is hearsay which may not be the sole support for a finding, the Department correctly remanded the matter to the hearing officer. On remand, the hearing officer may take additional evidence if deemed necessary to *371 make the requested findings of fact and rulings.[2]
ZEHMER, C.J., BARFIELD and KAHN, JJ., concur.
NOTES
[1] We also agree with the Department that in view of the remand on the grounds above, a reconsideration by the hearing officer of his conclusions and recommendation related to PCA's purported entitlement to an unrequested variance of the transparency standard for the waters of Jumping Gully Creek seems appropriate.
[2] We reject PCA's suggestion of mootness.