671 So.2d 822 (1996)
Frank T. BROGAN, as Commissioner of Education, Appellant,
v.
Courtney L. CARTER, Appellee.
No. 95-3691.
District Court of Appeal of Florida, First District.
April 9, 1996.
J. David Holder, Tallahassee, for Appellant. *823 Ronald G. Meyer and Robert J. Sniffen of Meyer and Brooks, P.A., Tallahassee, for Appellee.
ALLEN, Judge.
The appellant Commissioner of Education challenges a final order of the Education Practices Commission (the commission) by which the commission dismissed the appellant's administrative complaint seeking disciplinary action against the appellee's teaching certificate. In dismissing the administrative complaint, the commission rejected the findings of fact contained in the hearing officer's recommended order based on the commission's determination that the findings of fact were not supported by clear and convincing evidence. Because the commission was without authority to determine whether the evidence presented in support of the administrative complaint was of sufficient quantity and quality to constitute clear and convincing evidence, we set aside the final order.
The appellant filed an administrative complaint whereby he sought disciplinary action against the appellee's teaching certificate. Following a hearing, the hearing officer entered a recommended order by which he found that the acts alleged in the administrative complaint had been proven by clear and convincing evidence, as required by Ferris v. Turlington, 510 So.2d 292 (Fla.1987), and concluded that such acts constituted violations of a disciplinary statute. Thereafter, the commission entered its final order by which it dismissed the administrative complaint because the commission concluded that the hearing officer's findings of fact were not supported by clear and convincing evidence.
The authority of an agency to reject or modify a hearing officer's findings of fact is specified in section 120.57(1)(b)10, Florida Statutes, which provides that an
agency may not reject or modify the findings of fact, including findings of fact that form the basis for an agency statement, unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with the essential requirements of law.
This statute specifies two bases upon which an agency may reject a hearing officer's findings of fact. First, findings of fact may be rejected when they were not supported by competent substantial evidence. Second, findings of fact may be rejected when the proceedings upon which the findings were based did not comply with the essential requirements of law. The commission relied exclusively upon this second statutory basis for rejecting the findings of fact, reasoning that the proceedings before the hearing officer did not comply with the essential requirements of law because, in the opinion of the commission, the evidence upon which the hearing officer relied was not clear and convincing. This reasoning constitutes a misapplication of the statute.
The provision of the statute upon which the commission relied authorizes an agency to test the procedural regularity of the proceedings before the hearing officer. It does not authorize the agency to reevaluate the quantity and quality of the evidence beyond a determination of whether the evidence is competent and substantial. Thus, where the hearing officer in this case properly admitted the evidence and applied the correct burden of proof, the commission was limited to a review of the hearing officer's findings of fact under the well-established rule that an agency may reject a finding only if there was no competent substantial evidence to support it. See, e.g., Asphalt Pavers v. State, Dept. of Trans., 602 So.2d 558, 561 (Fla. 1st DCA 1992) (quoting Heifetz v. Department of Business Reg., 475 So.2d 1277, 1281 (Fla. 1st DCA 1985)); see also, e.g., Goin v. Commission on Ethics, 658 So.2d 1131, 1138 (Fla. 1st DCA 1995); Martuccio v. Department of Prof. Reg., 622 So.2d 607, 609 (Fla. 1st DCA 1993).
The commission also relied upon In re Davey, 645 So.2d 398, 404 (Fla.1994), as authority for the action it took herein. But that case did not involve administrative proceedings, and section 120.57(1)(b)10 was not involved.
*824 We accordingly set aside the final order and remand this case for further proceedings.
BARFIELD and KAHN, JJ., concur.