BARFIELD, Chief Judge.
The Commissioner of Education (Commissioner) challenges a final order of the Education Practices Commission (EPC) by which the EPC imposed a five year revocation of the appellee’s teaching certificate, retroactive to May 28, 1990. Because the effective date of the revocation was arbitrary and capricious, and an abuse of discretion, we set aside the final order.
The Commissioner filed an administrative complaint seeking disciplinary action against the appellee’s teaching certificate. The hearing officer found that the appellee engaged in a sexual relationship with a minor between Memorial Day 1990 and February 1991. The hearing officer recommended that the appel-lee’s teaching certificate be revoked for a period of five years, but did not indicate when the revocation should begin. The EPC initially dismissed the complaint because, in the opinion of the EPC, the evidence upon which the hearing officer relied was not clear and convincing. On appeal, the initial final order was set aside and the matter was remanded for further proceedings. Brogan v. Carter, 671 So.2d 822 (Fla. 1st DCA 1996).
On remand, the EPC adopted the hearing officer’s findings of fact, conclusions of law, and recommended penalty. The EPC, however, made the five year revocation of the appellee’s teaching certificate retroactive to *169 May 28, 1990. As found by the hearing officer, May 28, 1990 was the date that the appellee first engaged in a sexual relationship with the minor. The hearing officer found that the sexual relationship continued until February 1991. The appellee was then employed during a portion of the 1992/98 school year. The appellee resigned her position on April 20,1993, after the Commissioner’s complaint was filed.
The EPC has discretion to impose a retroactive suspension or revocation. Arnold v. State Bd. Of Educ., 344 So.2d 908 (Fla. 1st DCA1977). The effective date of the revocation adopted by the EPC in this case, however, is a clear abuse of discretion. As noted above, the starting date chosen by the EPC was the date the sexual relationship began. The sexual relationship then continued for approximately eight months. The revocation period chosen by the EPC encompasses a period of time when the appellee was employed in a full-time teaching position which required that she hold a valid teaching certificate. It appears that the EPC’s action resulted from its reluctance to accept this Court’s decision that the EPC was required to adopt the hearing officer’s findings of fact unless it was determined that the findings of fact were not supported by competent, substantial evidence.
Revocation of the appellee’s teaching certificate retroactive to a date when the conduct was continuing and had not yet been discovered is illogical, arbitrary and capricious. Retroactive revocation of the appel-lee’s teaching certificate to encompass a period of time which would effectively permit the appellee to be employed and paid as a teacher during a time in which her teaching certificate was revoked is also an abuse of discretion.
The reliance by the appellee and the EPC upon Florida Real Estate Comm’n v. Webb, 367 So.2d 201 (Fla.1978), is misplaced. In Webb, the Third District Court of Appeal reduced the penalty imposed by the Florida Real Estate Commission from a license suspension of sixty days to a written reprimand. The supreme court held that “[i]f the court finds that the agency acted outside its scope of discretion delegated to it by law, in other words abused its discretion, section 120.68(12) requires that the reviewing court remand the case to the agency. So long as the agency imposes a penalty prescribed by law, it has acted within the range of its discretion and the penalty may not be overturned by the reviewing court except in situations where an agency’s findings were in part reversed.” The EPC imposed a penalty prescribed by law. The EPC abused its discretion by making that penalty retroactive to the date the improper conduct began.
In summary, we conclude that revocation of the appellee’s teaching certificate retroactive to a date prior to the date the appellee resigned from her teaching position is an abuse of discretion. We set aside the final order and remand this case for further proceedings.
ERVIN and KAHN, JJ., concur.