801 So.2d 980 (2001)
James MAYES and Gail Mayes, Appellants,
v.
Florida DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellee.
No. 1D00-4398.
District Court of Appeal of Florida, First District.
December 12, 2001.
Alan I. Mishael, Esquire, Miami Beach, for Appellants.
*981 John R. Perry, Assistant District Legal Counsel, Department of Children and Family Services, Tallahassee, for Appellee.
POLSTON, J.
Appellants challenge Appellee Florida Department of Children and Family Services' final order denying their application for a foster home license in Marianna, Florida. The Department's final order adopted, and incorporated by reference, the recommended order from the administrative law judge ("ALJ"). Appellants argue that the ALJ erred in various respects. We agree with the Department that (i) the ALJ did not err in imposing the burden of proof on appellants, and (ii) the ALJ did not abuse her discretion in limiting appellants' cross-examination of a witness. However, we agree with the appellants that the ALJ's recommended denial of the license is not supported by the record, and therefore we reverse and remand on this issue. See Department of Banking and Finance v. Osborne Stern and Company, 670 So.2d 932, 934 n. 2 (Fla.1996)(administrative decision denying a license must be supported by competent, substantial evidence present in the record).

I.
The appellants were licensed to operate a foster home in West Palm Beach, Florida, beginning in 1995 through April 1, 2000. At all times material to this proceeding, appellants had five children living with them in West Palm Beach. The children were appellants' two sons, a two-year-old boy ("A.B.") and his one-year-old sister (medical foster children), and a two-year-old girl (a foster child). Because the appellants wished to move to Marianna, they applied for a license to operate a foster home there.[1] The basis of the ALJ's recommended denial arises from appellants' treatment of A.B., one of the foster children under their care in West Palm Beach:
30. Petitioners admit that they used the harness on A.B. on two occasions. Petitioners knew or should have known that using a harness to restrain A.B. was not an appropriate way to control his behavior. Using an harness to restrain a child, regardless of the underlying motive, violates Section 409.175(8)(b)1, Florida Statutes, and Rules 65C-13.010(1)(b)5.a., 65C-13.010(1)(b)5.c., and 65C-13.010(1)(b)5.e., Florida Administrative Code.
31. Mrs. Mayes admitted that she locked A.B. in his room while he was asleep on two occasions. She knew or should have known that locking a child in a room is dangerous act that could materially affect the child's health or safety. Regardless of her reasons for locking the door, Mrs. Maye's conduct was negligent and in violation of Section 409.175(8)(b)1, Florida Statutes, and Rules 65C-13.010(1)(b)5.a., 65C-13.010(1)(b)5.c., and 65C-13.010(1)(b)5.e., Florida Administrative Code.
Recommended Order at 10-11.

II.
The ALJ found that A.B. was a very active two-year-old child, who regularly climbed out of his crib, and on one occasion had climbed up on the stove and turned on the burners.[2] Appellants had difficulty keeping A.B. in his highchair *982 during mealtime and in his crib. They bought a safety harness and attempted to use it to keep A.B. in his crib on one occasion and in his highchair on another occasion. A.B. wiggled out of the harness on both occasions so the appellants discarded the harness. The ALJ found that appellants never used, and never intended to use, the harness to punish A.B.
The ALJ ruled that using a harness to restrain a child, regardless of the underlying motive, violates the applicable statutes and administrative rules. We disagree because the referenced statutes and rules do not specifically prohibit the use of a harness. We agree with the Department that it is not necessary that the statutes or rules anticipate and explicitly prohibit all possible circumstances of improper treatment of children. However, it is necessary that the ALJ make specific factual findings, based on record evidence, indicating how appellants' use of the harness violated the statutes or rules or otherwise justified the denial of appellants' application.

III.
Appellants put a hook-type latch on the door to A.B.'s bedroom. The latch was not used as a means of discipline. Mrs. Mayes latched the door to A.B.'s room, while he was in the room asleep, on two occasions for only a few minutes. Once was for her to go to the mail box in front of her home, and the other time was while she bathed another child who had a doctor's appointment later that afternoon.
The ALJ stated that Mrs. Mayes "knew or should have known that locking a child in a room is a dangerous act that could materially affect the child's health or safety." (Emphasis added). The ALJ concluded that regardless of Mrs. Mayes' reasons for locking the door, her conduct was negligent and it violated the statutes and rules. However, the referenced statutes and rules do not specifically prohibit the use of a lock in the manner used by Mrs. Mayes. Moreover, the ALJ did not find that locking the child in a room materially affected the child's health or safety-only that it "could." The ALJ must make specific factual findings, based on record evidence, indicating how appellants' use of the lock violated the statutes or rules or otherwise justified the denial of appellants' application.
Accordingly, we affirm in part, reverse in part, and remand for further findings. The ALJ may, if needed, receive additional evidence on these questions.
BARFIELD and MINER, JJ., concur.
NOTES
[1] "A license is issued for a specific location, is not transferable, and is valid for one year from the date of issuance." Fla. Admin. Code R. 65C-13.004(4).
[2] Mrs. Mayes requested behavior management assistance from the Department for A.B., but the Department decided to wait until A.B. was settled after the Mayes' move to Marianna to perform the behavior management evaluation.