BROWNING, J.
Appellant seeks review of a final order dismissing for lack of standing Appellant’s petition challenging Appellee Agency for Health Care Administration AHCA’s approval of a certificate of need (CON) application filed by Appellee St. Vincent’s. We reverse.
A brief synopsis of the facts is as follows. St. Luke’s filed CON 9483 seeking to relocate 214 of its acute-care beds to a replacement hospital on the campus of the Mayo Clinic Jacksonville, and to delicense 75 beds, including 10 Neonatal Intensive Care Unit (NICU) beds. This CON was conditioned on the approval of two CONs filed by St. Vincent’s. St. Vincent’s filed CON 9484 seeking to establish a new 170-bed acute-care hospital at the existing site of St. Luke’s (the Belfort Road location), and including CON 9484P for a partial application of 135 acute-care beds. St. Vincent’s also filed CON 9481 seeking to establish Level II NICU services of up to 10 beds at the proposed new site, noting that its licensure was dependent on the delicensure of St. Luke’s NICU beds. This exchange would permit St. Luke’s to relocate all its services except for the NICU unit, which would stay on Belfort Road and be operated by St. Vincent’s. AHCA issued a notice indicating that it intended to approve CONs 9481, 9483, and 9484P, and deny 9484. 27 Fla. Admin. Weekly 52 6192 (Dec. 28, 2001).
Appellant contested AHCA’s intended approval of St. Vincent’s CON 9481, alleging that approval would substantially and *74 adversely, affect Appellant by affecting the efficiency and extent of utilization of Appellant’s own Level II NICU services, Appellant’s financial condition, and Appellant’s ability to maintain and attract qualified staff. Appellant separately contested the approval of CON 9484P, and that challenge was consolidated with other, related CON challenges.
After a hearing on both CON challenges, the ALJ issued a recommended order wherein he found that Appellant lacked standing to challenge CON 9481 because it failed to demonstrate that it would suffer injury in fact by the issuance of the CON. The ALJ specifically found that the only change in the “status quo posed by the issuance of the CON in this proceeding is that St. Vincent’s may become the operator of the existing NICU service” at St. Luke’s (the Belfort Road location). The ALJ noted that the recommended order in the consolidated case was incorporated into the instant order to the extent it was relevant. On April 10, 2003, AHCA rendered a final order adopting the ALJ’s findings that Appellant lacks standing to challenge the application.
Standing in challenges to CON applications is statutorily defined: “[Ejxist-ing health care facilities may initiate or intervene in an administrative hearing upon a showing that an established program will be substantially affected by the issuance of any certificate of need ... to a competing proposed facility or program within the same district.” § 408.039(5)(c), Fla. Stat. (2002). Thus, to demonstrate standing, a party must show that it will be substantially affected by the approval of a CON application.*
The ALJ based his determination that Appellant would not be substantially affected on the test set out in Agrico Chem. Co. v. Department of Envtl. Regulation, 406 So.2d 478 (Fla. 2nd DCA 1981). Agrico provides that
before one can be considered to have a substantial interest in the outcome of the proceeding he must show 1) that he will suffer injury in fact which is of sufficient immediacy to entitle him to a section 120.57 hearing, and 2). that his substantial injury is of a type or nature which the proceeding is designed to protect. The first aspect of the test deals with the degree of injury. The second deals with the nature of the injury.
Id. at 482; see also Ybor III v. Florida Hous. Fin. Corp., 843 So.2d 344, 346 (Fla. 1st DCA 2003). The ALJ found that, because the approval of CON 9481 would not result in any new service, and denial of the CON would not result in the termination of the existing service, Appellant had not demonstrated that CON 9481, whether approved or denied, would substantially affect Appellant. However, Appellant raised three distinct arguments as to injury in fact: “new” NICU services, change in payor mix, and staffing shortages. In fact, Appellant proposed findings as to the need for a new NICU unit, the change in. payor mix, and the possibility of staffing losses. The ALJ addressed only the first of Appellant’s three arguments in either recommended order. AHCA added no new analysis to its adoption of the ALJ’s recommended order.
ALJs are required to make specific factual findings on substantial issues as here. Mayes v. Department of Children and Family Servs., 801 So.2d 980, 982 (Fla. 1st DCA 2001). Here, the ALJ eon- *75 eluded that Appellant was not injured in a certain way, but failed to examine whether Appellant might be injured in other ways. Accordingly, the ALJ did not make findings sufficient to support his and AHCA’s conclusion that Appellant did not have standing to challenge CON 9481.
Accordingly, we REVERSE the order dismissing Appellant’s petition for lack of standing, and REMAND for the ALJ to make additional findings and to hold additional evidentiary hearings, as necessary, relating to Appellant’s standing to challenge St. Vincent’s CON 9481 application.
WOLF, C.J.; and HAWKES, J., concur.

 The party must also show that the facilities are in the same district; the facilities involved here meet that requirement.