981 So.2d 599 (2008)
N.W., Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellee.
No. 3D07-1322.
District Court of Appeal of Florida, Third District.
May 14, 2008.
*600 Neil Flaxman, Miami, for appellant.
Rosemarie Rinaldi, for appellee.
Before COPE, GREEN, and RAMIREZ, JJ.
RAMIREZ, J.
N.W. appeals the final order of the Department of Children and Family Services denying her application for a foster care home license. We reverse because the Department improperly reweighed the evidence in rejecting the Administrative Law Judge's Recommended Order.
N.W. had been licensed to operate a foster home from 1996 through 2003. When she reapplied for the license, her application was denied. Following an administrative hearing, the Administrative Law Judge ("ALJ") entered her recommended order finding that the license should be granted. The Department rejected the ALJ's recommendations.
On appeal, N.W. contends that: (1) she carried her burden to show that she meets the minimum standards for licensure; (2) the Department is not permitted to reweigh the evidence presented; and (3) the Department abused its discretion by ignoring findings of fact that were based upon competent substantial evidence. We agree.
In Gross v. Department of Health, 819 So.2d 997, 1001 (Fla. 5th DCA 2002), the court held that an agency may not reweigh the evidence or reject the findings of fact contained in a recommended order. The Fifth District stated:
Findings of fact in a recommended order may not be rejected or modified unless the agency states with particularity in its final order that the findings were not based upon competent substantial evidence or that the proceedings on which the findings are based did not comply with the essential requirements of law. When determining whether to reject or modify findings of fact in a recommended order, the agency is not permitted to weigh the evidence, judge the credibility of the witnesses, or interpret the evidence to fit its ultimate conclusions. Neither may an agency's responsibility to determine if substantial evidence supports the administrative law judge's findings of fact be avoided by merely labeling, either by the administrative law judge or the agency, contrary findings as conclusions of law.
Id. at 1000-01 (citations and footnotes omitted). In addition, an agency abuses its discretion when it ignores findings of fact that are based upon competent substantial evidence. Strickland v. Fla. A & M Univ., 799 So.2d 276, 278 (Fla. 1st DCA 2001).
Subsection 409.175(9), Florida Statutes (2007), provides, in pertinent part:
(a) The department may deny, suspend, or revoke a license.
(b) Any of the following actions by a home agency or its personnel is a ground for denial, suspension, or revocation of a license:
1. An intentional or negligent act materially affecting the health or safety of children in the home or agency.
2. A violation of the provisions of this section or of licensing rules promulgated pursuant to this section.
3. Noncompliance with the requirements for good moral character as specified in paragraph (5)(a).

*601 4. Failure to dismiss personnel found in noncompliance with requirement for good moral character.
Because N.W. applied for a foster home license, she had the burden of proving by a preponderance of the evidence that she satisfied all the requirements for licensure and was entitled to receive the license. See § 120.57(1)(j), Fla. Stat. (2007). ("Findings of fact shall be based upon a preponderance of the evidence, except in penal or licensure disciplinary proceedings or except as otherwise provided by statute."); Dep't of Banking & Fin., Div. of Secs. & Investor Prot. v. Osborne Stern & Co., 670 So.2d 932 (Fla.1996). The ALJ correctly acknowledged that N.W. had the ultimate burden of proof in this license application proceeding. It was the Department's burden to provide specific reasons for the denial and to produce competent, substantial evidence to support those reasons. Mayes v. Dep't of Children & Family Servs., 801 So.2d 980 (Fla. 1st DCA 2001).
Here, the record reflects that N.W. met her burden that she was facially qualified for the license, having met the age, education, residency, and other requirements established by statute, as well as indicating those factors which make her suited to be a foster parent, as outlined in the findings of fact of the Recommended Order. The ALJ considered the reasons for licensure and denial and stated in paragraph 26 of the Recommended Order that "considering the evidence in its totality, N.W. has established that she meets the minimum standards required for issuance of a foster home license."
Turning to N.W.'s second point on appeal, we agree that the Department is not allowed to reweigh the evidence presented. The Final Order rejecting the ALJ's Recommended Order was actually a reweighing of the evidence. Specifically, the Factual Findings in the Final Order state:
I reject the finding in Recommended Order paragraph 23, that the "only evidence" the Department adduced to support the denial of petitioner's license was the testimony of licensing specialist Joanna Forbes. The finding is not supported by the record. The Department's notice of intent in this case provides two specific reasons for denying petitioner's license application: 1) a report that petitioner physically abused her adopted daughter, S.W., in September 2003; and, 2) S.W. was adjudicated dependent and petitioner's parental rights were terminated.
This misquotes paragraph 23 which stated that "[t]he only evidence submitted by the Department to explain the basis for its decision to deny N.M.'s [sic] application for licensure was provided by Joanna Forbes . . ." (emphasis added). The ALJ was referring to the initial denial of the application, not the evidence submitted at the hearing. In fact, the ALJ did consider other evidence submitted by the Department, namely, the evidence concerning an allegation of abuse. This allegation related to S., one of N.W.'s foster children, which N.W. had adopted.
While we would agree with the Deputy Secretary that N.W.'s relationship and history as it relates to S. is troubling, the record is clear that the ALJ fully considered it in her decision. The ALJ heard all the evidence, considered the demeanor of the witnesses, including N.W.'s admission that her conduct had been wrong. N.W. realized she had lost control over S. and decided it would be in the best interests of S. if N.W. surrendered voluntarily her adoptive parental rights. S. now lives with her maternal grandmother.
After she gave up her adoptive rights, N.W. has continued to have a relationship *602 with S. During S.'s placement with her grandmother, N.W. has been called upon to help with S.N.W. resumed monitoring her progress in school, providing her with supplies for school, taking her to church, to the movies, and to dinner. With the grandmother's permission, S. would go to N.W.'s house to use the computer for school work. This relationship continues to this day because N.W. loves S. and wants to help her.
The ALJ specifically addressed this issue in paragraph 24 of the Recommended Order which states:
The evidence presented by the Department does not establish that N.W. acted, either intentionally or negligently, in a manner that harmed the health or safety of her adopted child. The evidence does not establish that N.M. was responsible for the marks on the child's body noted in the report of the Child Protection Team, nor was there any mention in the report of the child Protection Team that the child had any mark as a result of the incident in which N.M. hit the child on the hand with an extension cord. Similarly, the evidence presented by the Department failed to establish that the child's health or safety was put at risk as a result of N.M.'s surrendering her parental rights with respect to this child.
Paragraph 120.57(1)(l), Florida Statutes (2005), provides that after an administrative hearing, an "agency may not reject or modify the findings of fact unless the agency first determines from a review of the entire record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence." Here, the Department failed to comply with this statutory requirement.
Moreover, the Department had no authority to reweigh the evidence here. It was only allowed to determine whether the evidence was competent and substantial to support the ALJ's decision. Brogan v. Carter, 671 So.2d 822, 823 (Fla. 1st DCA 1996). As N.W. correctly points out in her brief, this review does not give the Department the authority to build a new case and make new findings. Lawnwood Med. Ctr., Inc. v. Agency for Health Care Admin., 678 So.2d 421, 425 (Fla. 1st DCA 1996).
In the Conclusions of Law section in the Final Order, the Department's Deputy Secretary stated, "The ALJ may not have been persuaded that petitioner should be found by preponderant evidence to have committed abuse, but the Department, nevertheless presented competent substantial evidence to support the allegation." The Department may not avoid the ALJ's decision by labeling a finding of fact as a conclusion of law. Schrimsher v. Sch. Bd. of Palm Beach County, 694 So.2d 856, 860 (Fla. 4th DCA 1997).
Accordingly, we reverse the Department's Final Order and remand with instructions to enter a Final Order accepting the ALJ's Recommended Order to grant N.W.'s application for licensure as a foster home.
Reversed and remanded with instructions.