RAMIREZ, J.
 

 Marlene Montenegro Toirac and Home Center International Corporation appeal the Final Order of appellee Florida Department of Real Estate Commission that suspended their real estate license for a period of four years. Because the Commission failed to comply with section 120.57(1)(Z), Florida Statutes, when it increased the penalty in its Final Order, we reverse.
 

 Toirac was a principal of Home Center. The Department charged both Toirac and Home Center in two separate administrative complaints. In the 2001 complaint, the Department alleged that Montenegro and Home Center had not paid a County Court final judgment of $4,578.60 relating to a real estate commission for Elena Velo-so. The Department also alleged that Montenegro and Home Center had a trust account shortage of $7,280.95.
 

 In the 2003 complaint, the Department alleged that Montenegro had been a real estate instructor for complainant Andres Ramirez; that she entered into a sales agreement with Ramirez for property she owned; and that she had failed to keep Ramirez’s deposit in escrow. It was undisputed that the deposit was returned when the deal was not consummated. Montenegro denied that she or Home Center acted as brokers in the transaction. The Department conceded that all the funds had been held by an attorney until they were returned.
 

 Both cases were heard at the same time. After all the evidence was received, the Administrative Law Judge specifically found that Montenegro had, in fact, furnished to the investigator detailed proofs of how the escrow error had occurred and had been corrected. Thus, there was no failure to cooperate with any investigation.
 
 *1036
 
 He nevertheless determined that Montenegro had failed to satisfy the Veloso judgment within a reasonable time, and that the erroneous transfer of funds from the trust account did constitute a violation. The judge recommended an administrative fine of $2500, a ninety-day license suspension, and three years of probation. The commission decided to increase the penalty to four years suspension.
 

 On appeal, the commission agrees that the final order fails to comply with section 120.57(1)(J), Florida Statutes, which states: “The agency may accept the recommended penalty in a recommended order, but may not reduce or increase it without a review of the complete record and without stating with particularity its reasons therefor in the order, by citing to the record in justifying the action.”
 

 The commission admits that it failed to cite to those portions of the record which justified its increased penalty. We therefore reverse and remand with instructions to enter an order accepting the administrative judge’s Recommended Order.
 
 See N.W. v. Dep’t of Children & Family Servs.,
 
 981 So.2d 599 (Fla. 3d DCA 2008). We reject Montenegro’s other arguments.
 

 Reversed and remanded.