*1091
 
 DAVIS, Judge.
 

 Charlotte County, Lee County, and Sarasota County (Appellants) challenge the final administrative order of the Department of Environmental Protection (DEP), which authorizes the issuance of various phosphate-mining permits to IMC Phosphates Company (IMC). We affirm the final order and the issuance of the permits but write only to address the propriety of the remand procedure employed in this case.
 

 In April 2000, IMC applied to DEP for a phosphate-mining permit for its Ona Mine site, which consists of 20,625 acres of land located within the Peace River Basin. In April 2001, IMC further requested that the existing water resources permit for its nearby Ft. Green Mine be modified to allow IMC to dispose of waste clays from the Ona Mine at the Ft. Green Mine site. On January 17, 2008, DEP issued notices of its intent to approve the Ona Mine permit and the modification of the Ft. Green wetlands resource permit. Several parties, including Appellants, challenged the requested permit and modification. DEP then referred the challenges to the Administrative Law Judge (ALJ), and the challenges were consolidated into one case.
 

 On September 12, 2003, DEP issued a final order in another IMC phosphate-mining permit case, denying several applications sought by IMC for mining phosphate on a piece of land known as the Altman Tract. After reviewing DEP’s ruling in that case, IMC submitted an amended application for the Ona Mine permit and for the modification of the Ft. Green Mine permit. The amended application reduced the size of the tract of land encompassed by the permit from more than 20,000 acres to less than 5000 acres. This new site became known as the Ona-Ft. Green Extension. DEP subsequently issued new notices of its intent to issue the permits, and Appellants revised their challenges to the amended application.
 

 In 2004, an eight-week administrative hearing was held. The ALJ issued his recommended order on May 9, 2005. In that order, the ALJ found that although IMC was “close to satisfying the permitting and approval criteria,” there were deficiencies in the application that would require that the permit be denied. However, the ALJ also stated that he would recommend issuing the permit if IMC would amend its application to meet certain conditions. The ALJ then went on to spell out what specific conditions IMC would have to meet.
 

 The opposing parties, including Appellants, filed exceptions to the ALJ’s recommended order with DEP. Upon review of the recommended order and the exceptions, DEP concluded that in order to condition the issuance of the permit on the inclusion of the ALJ’s recommended changes, additional findings of fact would be necessary. DEP also determined that certain of the ALJ’s conclusions of law were erroneous and that in some instances he had applied departmental policy incorrectly. Accordingly, DEP ordered that the application be remanded to the ALJ for further proceedings. The limited remand order specifically directed the ALJ to make findings of fact related to the suggested additional conditions, including IMC’s willingness and ability to meet the conditions, and to further review portions of his factual findings in light of the law and departmental policy as explained by DEP.
 

 On remand, the ALJ held a second administrative hearing, allowing all parties to participate and present additional evidence. Following that hearing, the ALJ issued his recommended order on remand, which included additional findings of fact. Based on this order, DEP issued its final
 
 *1092
 
 order authorizing the issuance of the requested permits. This final order is the subject of this appeal.
 

 We begin by discussing the unique nature of the permitting process. The mining of phosphate is statutorily regulated, not because it is illegal, but rather to insure that the business may operate effectively without harming the public or the environment. § 378.402, Fla. Stat. (2004). To that end, under chapter 120, Florida Statutes, when DEP issues a notice of intent to grant a phosphate-mining permit, interested parties may file their objections. DEP then refers the permit application and the objections to the Department of Administrative Hearings. An ALJ is assigned to review the application for statutory compliance and to consider the objections. In the course of the administrative hearing, the applicant may submit evidence to show compliance and the challengers are allowed to contradict or impeach that evidence by cross-examination and the presentation of their own evidence.
 

 Following the hearing, the ALJ makes findings of fact in which he or she determines the sufficiency of the applicant’s evidence and the credibility of the witnesses. Additionally, the ALJ must resolve any conflicts that the challengers’ evidence might raise. The ALJ then issues a recommended order, which delineates in detail his or her factual findings and makes a determination as to whether the applicant has met its burden of showing compliance with the statutory requirements justifying the issuance of the permit.
 

 Upon review, DEP may not reweigh the evidence and may reject the findings of fact only if the Secretary determines that the factual findings are not supported by competent, substantial evidence in the record.
 
 See
 
 § 120.57(l)(i), Fla. Stat. (2004);
 
 Brogan v. Carter,
 
 671 So.2d 822, 823 (Fla. 1st DCA 1996). If the findings are supported by record evidence and comply with the essential requirements of law, DEP is bound by the ALJ’s findings of fact.
 
 See Fla. Dep’t of Corrs. v. Bradley,
 
 510 So.2d 1122, 1123 (Fla. 1st DCA 1987). However, DEP may reject or modify the ALJ’s conclusions of law and application of departmental policy.
 
 See Goin v. Comm’n on Ethics,
 
 658 So.2d 1131, 1138 (Fla. 1st DCA 1995).
 

 As we already have pointed out, in this case, after the ALJ made findings of fact and concluded that the application was deficient, he went on to suggest how the application could be amended to allow for the issuance of the permits. Upon review of the ALJ’s recommended order, DEP remanded the case back to the ALJ for further proceedings.
 

 On appeal, Charlotte and Lee Counties
 
 [1]
 
 argue (1) that the ALJ did not have the authority to go beyond the presented evidence to suggest additional conditions, (2) that DEP erred in remanding the application back to the ALJ for further evidentiary proceedings, and (3) that this remand procedure relieved IMC of its burden of showing compliance by giving it a chance to supplement its initial application after the ALJ deemed it deficient. We reject these arguments.
 

 In
 
 Hopwood v. State Department of Environmental Regulation,
 
 402 So.2d 1296 (Fla. 1st DCA 1981), Hopwood was opposing a dredge and fill permit issued by the
 
 *1093
 
 Department of Environmental Regulation (DER) to certain landowners. The ALJ’s recommended order determined that the submitted application did not justify the issuing of the permit. However, the order went on to state that if certain modifications were made or conditions were added, issuance of the permit would be appropriate. DER accepted the findings of fact but concluded that the ALJ had exceeded her statutory authority in proposing the modifications to make the application conform to the statutory requirements. On review, the First District concluded that DER abused its discretion in rejecting the modifications and denying the permit because the modifications were relatively minor and DER had on other occasions granted permits subject to modifications recommended by hearing officers.
 
 Id.
 

 Here, in its limited order of remand, DEP cited
 
 Hopwood
 
 as authority for considering the additional conditions suggested in the ALJ’s recommended order. We agree that the additional conditions here are similar in scope to those in
 
 Hopwood
 
 and that therefore DEP was within its authority to consider these additional conditions.
 
 [2]
 

 Upon review of the ALJ’s recommended order and suggested additional conditions, DEP determined that it was necessary to remand the application to the ALJ to make two types of additional findings of fact. First, in regard to the suggested modifications, DEP determined that there were insufficient findings of fact in the record to support imposing the conditions on the permit. Because these conditions were not at issue in the original hearing, the remand would allow IMC to present evidence of its ability and willingness to comply with the conditions and at the same time allow the challengers to demonstrate their concerns. Second, DEP determined that the ALJ incorrectly interpreted and applied Florida law and departmental policy and, on remand, asked that the ALJ reconsider certain findings of fact based on DEP’s explanation of applicable law and its own departmental policy. Because these issues did not arise during the original hearing, remand for the determination of additional findings of fact was appropriate.
 
 See State, Dep’t of Envtl. Prot. v. Dep’t of Mgmt. Servs., Div. of Admin. Hearings,
 
 667 So.2d 369 (Fla. 1st DCA 1995).
 

 Charlotte and Lee Counties argue that to allow IMC additional opportunities to supplement the record in support of its application not only defeated the goal of finality but also resulted in due process violations. In support of this argument, they cite
 
 Henderson Signs v. Florida Department of Transportation,
 
 397 So.2d 769 (Fla. 1st DCA 1981);
 
 Florida Department of Transportation v. J.W.C. Co.,
 
 396 So.2d 778 (Fla. 1st DCA 1981); and
 
 Berry v. State, Department of Environmental Regulation,
 
 530 So.2d 1019 (Fla. 4th DCA 1988). However, in each of these cases, the appellate court determined that remand was inappropriate because the issues to be addressed on remand could have or should have been presented at the initial administrative hearing. Here, DEP remanded with instructions that the ALJ consider issues that were not, and could not have been, addressed at the initial administrative hearing. As such, remand was appropriate.
 
 See Dep’t of Envtl. Prot.,
 
 667 So.2d 369;
 
 Cohn v. Dep’t of Prof'l. Regulation,
 
 477 So.2d 1039, 1047
 
 *1094
 
 (Fla. 3d DCA 1985) (“When the entity-charged with finding facts upon the evidence presented, the hearing officer, has, for whatever reason, failed to perform this function, the appropriate remedy is not for the agency ... to reach its own conclusion, but rather to remand for the officer to do so.”).
 

 We also note that Charlotte and Lee Counties’ due process rights were protected by the fact that at the remand hearing they were afforded full opportunity to cross-examine IMC’s witnesses and to present additional evidence of their own. Additionally, they were allowed the opportunity to present to DEP their objections to the recommended order on remand.
 

 Accordingly, we conclude that the remand procedure employed here was fair and appropriate under these circumstances. We therefore affirm the final order without further comment.
 

 Affirmed.
 

 STRINGER and VILLANTI, JJ., Concur.
 

 [1]
 

 . On appeal, Appellant Sarasota County's only argument is that DEP erred in granting the instant permits without considering cumulative impacts. We affirm this issue for the reasons explained in our companion opinion in
 
 Peace River/Manasota Regional Water Supply Authority v. IMC Phosphates Co.,
 
 No. 2D06-3891, 18 So.3d 1079, 2009 WL 331660 (Fla. 2d DCA Feb. 10, 2009).
 

 [2]
 

 . We note that had DEP required IMC to file a new application rather than amend its initial one, due to the changing statutory requirements regarding the issuing of phosphate-mining permits, IMC may have been required to meet additional criteria in order to file an entirely new application some six years after the original filing.