PER CURIAM.
 

 The appellants, Community Health Charities of Florida, et al., a federation of charities who participated in the
 
 2006
 
 Florida State Employees Charitable Campaign (“2006 Campaign”), seek review of a final order of the Department of Management Services (“the Department”), adopting the recommended order of an administrative law judge (“ALJ”). The ALJ recommended denying some of the appellants’ claims of entitlement to undesig-nated funds under the 2006 Campaign and approving entitlement for other appellants. The appellants raise several issues
 
 *571
 
 on appeal; only one merits discussion. The appellants argue that the ALJ erred in failing to set forth facts in support of his findings that some of the appellants did not qualify for undesignated funds. We agree. The remaining issues the appellants raised on appeal are affirmed. Accordingly, we reverse the Department’s order in part, affirm in part, and remand the case with directions that the ALJ set forth the underlying facts of record which support his findings.
 

 Section 110.181, Florida Statutes (2007), governs the administration of the 2006 Campaign. State employees who participated in the 2006 Campaign could designate the participating charity that would receive their donations. Any donations that were not designated for a specific charity were considered “undesignated funds.” Qualifying charities were entitled to the same percentage of undesignated funds as designated funds they received.
 
 See
 
 § 110.181(2)(e), Fla. Stat. (2007). Section 110.181(2)(e) provides that for a charity to qualify for undesignated funds, it must “provide direct services in a local fiscal agent’s area.”
 

 At the close of the 2006 Campaign, the appellants each applied for undesignated funds pursuant to section 110.181(2)(e). The Department determined that several of the appellants did not qualify for receipt of undesignated funds. As a result of these denials, the appellants sought a formal administrative hearing. In their third-amended petition, the appellants asserted their entitlement to receive undes-ignated funds, alleging, in pertinent part, that the Department had made improper factual determinations when deciding that the appellants were not entitled to such funds. After the evidentiary hearing, conducted pursuant to sections 120.57(1) and 120.569, Florida Statutes (2007), the ALJ entered a recommended order finding that several of the appellants were properly denied undesignated funds. In support of these findings, the ALJ noted that he accepted the appellants’ exhibits twenty-one through thirty-eight, which provided explanations regarding the unapproved appellants and “expand[ed] what is known about the charities, their services, the manner that the services were provided, who receives the services and where the services are received.” The ALJ stated, “Without recounting the details from the various sources previously described, all that information is accepted for purposes of this Recommended Order, as to the facts represented in the exhibits.” The ALJ found, “Based upon information provided in the aforementioned exhibits, the Association for Retarded Citizens/Florida, CHC, Florida Hospices and Palliative Care and the National Alliance for the Mentally Ill of Florida do not provide direct services in fiscal agent areas without intervention between the services offered and persons served in any location.” The ALJ did not provide further explanation or factual support for these findings.
 

 The appellants filed several exceptions to the ALJ’s recommended order. The appellants argued that the ALJ erred in failing to cite to facts in the record to support his findings that certain appellants did not provide direct services and were thus barred from receiving undesignated funds through the 2006 Campaign. The Department entered a final order approving the ALJ’s recommended order and denying all of the appellants’ exceptions. The Department identified record evidence that supported the ALJ’s findings that certain appellants did not qualify for undesig-nated funds.
 

 Section 120.569 Florida Statutes (2007), governs administrative decisions affecting substantial interests. Section 120.569(2)(m), provides, “Findings of fact, if set forth in a manner which is no more than mere tracking of the statutory lan
 
 *572
 
 guage, must be accompanied by a concise and explicit statement of the underlying facts of record which support the findings.” Additionally, we explained in
 
 Memorial Healthcare Group, Inc. v. State, Agency for Health Care Administration,
 
 879 So.2d 72, 74 (Fla. 1st DCA 2004), that “ALJs are required to make specific factual findings on substantial issues.”
 

 In the instant case, the ALJ’s recommended order is devoid of factual findings regarding his denial of several of the appellants’ applications for undesignated funds. The ALJ failed to set forth his basis for finding that certain appellants did not provide direct services in a local fiscal agent’s area. The ALJ, as the finder of fact, was required to identify record evidence in support of his denial of the appellants’ claims to undesignated funds. The Department’s citation to record evidence that supports the ALJ’s findings in the final order does not cure the ALJ’s failure to adhere to the requirements of section 120.569(2)(m). Accordingly, we AFFIRM in part, REVERSE in part, and REMAND for further proceedings consistent with this opinion.
 

 WEBSTER, BROWNING, and LEWIS, JJ., concur.