# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-1062
LT Case No. 2022-015909

_____

RAMSEY ZIMMERMAN,

    Appellant,

    v.

STATE OF FLORIDA, FLORIDA
GAMING CONTROL COMMISSION,

    Appellee.

_____

Administrative appeal from the State of
Florida, Florida Gaming Control Commission.

David S. Romanik, of David S. Romanik, P.A., Ocala, for
Appellant.

Emily A. Alvarado, Deputy Chief Attorney, and Steven E. Woods,
Deputy Chief Attorney, of Office of the General Counsel, Florida
Gaming Control Commission, Tallahassee, for Appellee.

January 12, 2024

SOUD, J.

    Appellant Ramsey Zimmerman appeals the Florida Gaming
Control Commission's final order denying his application for a
Pari-mutuel Wagering Professional Individual Occupational
License. We have jurisdiction. *See* Art. V, § 4(b)(2), Fla. Const.;

§ 120.68(1)(a), Fla. Stat. (2021); Fla. R. App. P. 9.030(b)(1)(C). We affirm.

## I.

In January 2022, Zimmerman applied to the Commission for a Pari-mutuel Wagering Professional Individual Occupational License, which would allow him to work as a horse jockey. Prior to this application, Zimmerman had twice been convicted of a felony offense—a 2018 grand theft conviction in Marion County, Florida, and a 2019 grand theft of a motor vehicle conviction in Broward County, Florida. Each of these felony convictions is a disqualifying felony offense. *See* § 550.105(5), Fla. Stat. (2021).

Zimmerman sought a waiver of the disqualification. The Commission issued its Letter of License Denial in June 2022, whereby Zimmerman was notified that his request for waiver was denied and that the Commission would deny his application.

As permitted by Florida law, Zimmerman requested an informal hearing to challenge the denial. Following the hearing, the hearing officer rendered her Recommended Order providing findings of fact and conclusions of law in support of the recommendation that the Commission deny Zimmerman's application. The hearing officer found, *inter alia*, that the two disqualifying crimes "occurred during a time where [Zimmerman] was on a horrific diet, which ultimately led to an eating disorder" and his "taking weight loss pills and . . . using illegal substances in order to lower his weight . . . to improve as a jockey."[1]

Based on all of the evidence presented, the hearing officer determined that Zimmerman's felony convictions were for serious offenses that occurred only a few years prior to his application, and that "[i]t is difficult for an applicant to prove rehabilitation from such serious convictions in a short period of time." As a result, she concluded Zimmerman "failed to establish good moral character and rehabilitation" as required by section 550.105(5)(c).

---

[1] These findings were based on Zimmerman's own testimony.

The Commission denied Zimmerman a license, adopting *in toto* the recommended order and its findings of fact and conclusions of law. This appeal followed.

## II.

Zimmerman argues that the Commission's denial of his application and request for waiver should be reversed because the recommended order, adopted by the Commission, deviates from the Commission's precedent. Zimmerman's argument fails.

### A.

When, as here, the Commission's determination is based on findings of fact, we review the final order for competent substantial evidence. *See Kinlaw v. Unemplmt. App. Comm'n*, 417 So. 2d 802 (Fla. 5th DCA 1982); *see also* § 120.68(7)(b), Fla. Stat. Questions of law, however, are reviewed de novo. *Fla. Dep't of Bus. & Prof'l Reg., Div. of Alcoholic Beverages & Tobacco v. Walmart Inc.*, 323 So. 3d 786 (Fla. 1st DCA 2021).

In our review, we are not permitted to substitute our judgment for that of the Commission on disputed issues of fact, *see Kinlaw*, 417 So. 2d at 802, or "the weight of the evidence on any disputed finding of fact." *See* § 120.68(7)(b), Fla. Stat. Further, "the court shall not substitute its judgment for that of the agency on an issue of discretion." *See* §120.68(7)(e), Fla. Stat. So, when the findings of an administrative agency are supported by competent substantial evidence, and the record shows neither an abuse of discretion nor a violation of law, the agency's decision will not be disturbed. *See generally Cuenca v. State Bd. of Admin.*, 259 So. 3d 253 (Fla. 3d DCA 2018).

### B.

Licensure as a pari-mutuel wagering professional is governed by chapter 550, Florida Statutes, the Florida Pari-mutuel Wagering Act. "[T]he granting of a pari-mutuel occupational license is a privilege and not a right." *Cohen v. Dep't of Bus. Reg., Div. of Pari-mutuel Wagering*, 584 So. 2d 1083, 1086 (Fla. 1st DCA 1991) (citing *State ex rel. Biscayne Kennel Club v. Stein,* 178 So.

133 (Fla. 1938); *W. Flagler Assocs., Ltd. v. Bd. of Bus. Reg.,* 241 So. 2d 369 (Fla. 1970)).

Pertinent here, the Act provides that the Commission may deny an application if an applicant, such as Zimmerman, has been "convicted"[2] of certain types and levels of crimes, *see* § 550.105(5)(b)–(c), Fla. Stat., including, *inter alia*, "a crime involving a lack of good moral character." § 550.105(b), Fla. Stat. Zimmerman's two "convictions" for grand theft and grand theft of a motor vehicle are disqualifying felony offenses under this statute.[3]

However, section 550.105(5)(c) further provides:

> If the applicant establishes that she or he is of good moral character, that she or he has been rehabilitated, and that the crime she or he was convicted of is not related to pari-mutuel wagering and is not a capital offense, the restrictions excluding offenders may be waived by the director of the division.

§ 550.105(5)(c), Fla. Stat.

Accordingly, Zimmerman bore the burden of proving by a preponderance of the evidence that he met the requirements for licensure and waiver. *See N.W. v. Dep't of Child. & Fam. Servs.,* 981 So. 2d 599, 601 (Fla. 3d DCA 2008); *see also Fla. Dep't of Transp. v. J.W.C. Co., Inc.,* 396 So. 2d 778 (Fla. 1st DCA 1981). Further, the plain language of section 550.105(5)(c) provides, in

---

[2] Adjudication was withheld in Zimmerman's grand theft of a motor vehicle case. However, the term "convicted" has been defined by the Act as "having been found guilty, *with or without adjudication of guilt*, as a result of a jury verdict, nonjury trial, or entry of a plea of guilty or nolo contendere." *See* § 550.105(5)(d), Fla. Stat. (emphasis added).

[3] Zimmerman does not argue that grand theft and grand theft of a motor vehicle are not "crime[s] involving a lack of good moral character."

requesting a waiver of the felony disqualification, Zimmerman bore the burden to establish (1) he is of good moral character, (2) he has been rehabilitated, and (3) the crime of which he was convicted was neither related to pari-mutuel wagering nor a capital offense.

We conclude there is competent substantial evidence supporting the Commission's denial of Zimmerman's application and its determination that he failed to show he was of good moral character and rehabilitated. However, Zimmerman challenges the denial of his application, arguing that its decision "doubly violates" section 120.68(7)(e)(3) because the denial deviates from prior agency practice and because "the Commission made no attempt...to...explain the basis for its deviation from the Division's prior agency practice . . . ." His argument is founded entirely upon three cases Zimmerman contends evidence the prior agency practice of granting felony waivers in cases such as this one.

Section 120.68(7), Florida Statutes, provides:

> (7) The court shall remand a case to the agency for further proceedings consistent with the court's decision or set aside agency action, as appropriate, when it finds that:
>
> . . . .
>
> (e) The agency's exercise of discretion was:
>
> 1. Outside the range of discretion delegated to the agency by law;
>
> 2. Inconsistent with agency rule;
>
> 3. Inconsistent with **officially stated agency policy or a prior agency practice**, if deviation therefrom is not explained by the agency; or
>
> 4. Otherwise in violation of a constitutional or statutory provision;
>
> but the court shall not substitute its judgment for that of the agency on an issue of discretion.

5

§ 120.68(7)(e), Fla. Stat. (emphasis added).

Zimmerman's argument is simply without merit. The three cases claimed by Zimmerman as "precedent" clearly do not constitute "officially stated agency policy" contemplated by section 120.68(7)(e)(3). Likewise, these prior decisions, selected from among many others, are insufficient to qualify as "prior agency practice." *See* § 120.68(7)(e)(3), Fla. Stat. Indeed, it is questionable whether the three cases asserted by Zimmerman even constitute "precedent." Whether Zimmerman has proven he is of good moral character and rehabilitated since his two theft convictions is a distinctly factual inquiry. In arriving at her recommendation, the hearing officer considered the evidence presented by Zimmerman. The evidence, both as to quality and quantity, is distinguishable from the prior cases presented by Zimmerman as precedent.[4]

### III.

There is competent substantial evidence to support the Florida Gaming Control Commission's findings and the exercise of its discretion to deny Zimmerman's application for a Pari-mutuel Wagering Professional Individual Occupational License. Accordingly, the Commission's final order denying Ramsey Zimmerman's application is AFFIRMED.

It is so ordered.

HARRIS and PRATT, JJ., concur.

---

[4] This is true even though Zimmerman claims the three prior cases involve more serious crimes. Even assuming *arguendo* his assertion, the nature of the crimes presented in this case, even when compared to the three cases he cites, is not determinative of his good moral character or rehabilitation required by section 550.105(5)(c).

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____